(118 App. Div. 575)

### In re CLEMENT, State Excise Com'r.

(Supreme Court, Appellate Division, Fourth Department. March 6. 1907.)

INTOXICATING LIQUORS—APPLICATION FOR CERTIFICATE—CONSENT OF PROPERTY OWNERS.

> Under Liquor Tax Law, Laws 1896, p. 59, c. 112, § 17, subd. 8, as amended by Laws 1897, p. 220, c. 312, requiring the consent of the owners of two-thirds of the number of buildings used exclusively as dwellings and situate within 200 feet of premises to be used for the liquor traffic to the carrying on of such traffic, an ordinary frame building, in a country village, intended and used for two families, is one building.

> McLennan, P. J., and Williams, J., dissenting.

Appeal from Special Term, Monroe County.

In the matter of the petition of Maynard N. Clement, as state commissioner of excise, for an order revoking and canceling liquor tax certificate No. 22,756, issued to Elizabeth M. Dunbar. From an order revoking and canceling such certificate (101 N. Y. Supp. 447), said Elizabeth M. Dunbar appeals. The state commissioner of excise also appeals from an order vacating and setting aside the service of the order of revocation and staying all proceedings after entry of such order until the hearing and determination of the appeal therefrom.

Order revoking such certificate affirmed. Appeal of the state commissioner of excise dismissed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

Fred C. Goodwin, for Elizabeth M. Dunbar, the certificate holder.

Royal R. Scott, for state commissioner of excise.

KRUSE, J. The sole question for our determination upon his appeal from the order of revocation is whether a certain double building is one building or two, within the meaning of the liquor tax law. This building and one other are the only buildings within 200 feet of the premises for which the certificate was issued. The owners of the double building have consented to the traffic in liquors upon the premises in question. The owner of the other building has not.

If the double building is two buildings, then the required two-thirds of the owners of buildings have filed such consent, and the liquor tax certificate was properly issued. If not, then the certificate was properly canceled and revoked, as was done by the Special Term. Subdivision 8 of section 17 of the liquor tax law (Laws 1896, p. 59, c. 112, as amended by Laws 1897, p. 220, c. 312) provides:

"When the nearest entrance to the premises described in said statement as those in which traffic in liquor is to be carried on is within two hundred feet, measured in a straight line, of the nearest entrance to a building or buildings occupied exclusively for a dwelling, there shall also be so filed simultaneously with said statement a consent in writing that such traffic in liquors be so carried on in said premises during a term therein stated, executed by the owner or owners, * * * of at least two-thirds of the total number of such buildings within two hundred feet so occupied as dwellings. * * *"

The double frame building in question is situate on the tow path on the north side of the Erie Canal, in the village of Newark. It is about 40 feet in width across the front, and 18 feet deep. There is a partition running through about the middle of the building, and separate staircases from the first to the second floor, and separate front and rear entrances for each side. The building rests upon one entire wall, with no mason work partition through the middle. The partition in the cellar is constructed of two by four inch studding, lath and plaster on one side, and on the other side lath, but no plaster. In this partition there is no opening, but in the one on the first floor there is a door connecting the two parts of the building. This door has been nailed up. Nevertheless the nails can be removed without difficulty and the door used. One roof covers the entire building, and the eave trough and pipe discharges into one cistern which is used for the whole house. The lot back of the house is divided by a fence. So far as the evidence shows the building has always been used by two separate families. It has been built for many years and for some time prior to the 7th day of August, 1906, the building and premises were owned by Charles L. Youngs, who resided in one part; the other part being occupied by tenants. On that day Youngs and his wife conveyed the premises to their son, William Vanderpool, with the reservation to Youngs and his wife during their natural lives of the double building and the premises. On the 18th day of August, 1906,

Vanderpool conveyed to his wife the westerly portion of said premises, dividing the premises by a straight line extending through the center of the partition in said building. And thereupon, and upon the 21st day of August, 1906, the certificate holder, Elizabeth M. Dunbar, presented her application for the liquor tax certificate with the consent of the owners of the double house, as required by the statute, stating therein that at least two-thirds of the owners of buildings within the prescribed limits had consented. At the same time she paid the tax for the unexpired portion of the tax year which ended on the 30th day of April next succeeding.

It is to be observed that in residential sections within the prescribed limits the statute requires the consent of the owners of two-thirds of the number of buildings used exclusively as dwellings to permit the traffic in liquor at a given place. It is the number of buildings which control, not the number of residents or the number of families, or the numbers of owners of the buildings. It is undoubtedly true that buildings, although connected and built together, may still retain their separate and individual characteristics, and be separate buildings within the meaning of this provision of the liquor tax law; but we think this building is not of that character. It is an ordinary frame dwelling in a country village, and, although used and evidently intended to be used for two families, is in fact but one building. The conveyance by Vanderpool to his wife of the west half of the lot did not have the effect of changing the character of the building. The fact that the east and west halves of the premises were capable of being thus separately used and owned may have been a proper circumstance to be considered upon the question of whether it was one or two buildings, but, as I view it, not a circumstance of much importance in this case. We reach the conclusion, therefore, that the Special Term was correct in revoking the liquor tax certificate.

As regards the appeal of the state commissioner of excise, we think it should be dismissed. The order, evidently through inadvertence, stayed all proceedings after the entering of the final order revoking the liquor tax certificate, without the notice of appeal having been served or requiring it to be served, or even limiting the time of appeal. But no harm has been occasioned; for, as soon as the state excise commissioner appealed from the order granting the stay, an appeal was at once taken, and the case has been argued upon the merits at the first term at which it could have been heard after the decision revoking the decision was made. We think the stay was entirely proper if the rights of the state had been properly safeguarded in the way of requiring the certificate holder to appeal promptly, for the question is not free from doubt. The certificate holder, not only paid for obtaining the consents and the tax, but before doing so obtained the opinion of the deputy state excise commissioner advising her that the double building comprised two buildings. Whether or not the mistake, if any, was through misapprehension of the facts or of the law as we understand it, the certificate holder herself seems to have been diligent in ascertaining her right to the certificate, and to have acted in entire good faith.

The order revoking the 'certificate should be affirmed, but under the circumstances without costs. The appeal of the state commissioner of excise from the order granting the stay should be dismissed, without costs. All concur, except McLENNAN, P. J., and WILLIAMS, J., who dissent on the ground that within the meaning of the liquor tax law the structure in question constituted two buildings.